UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RETAIL FUND ALGONQUIN COMMONS, L.L.C., an Illinois Limited Liability Company, by its Manager, IN RETAIL FUND, L.L.C., a Delaware Limited Liability Company, by its Manager, IN RETAIL MANAGER, L.L.C., a Delaware Limited Liability Company, by its Manager, INLAND REAL ESTATE CORPORATION, a Maryland Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>ABERCROMBIE & FITCH STORES, INC., an Ohio Corporation,<br><br>        Defendant. | Case No. 09 C 5824<br><br>Judge Marvin E. Aspen |

## **MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff Inland Real Estate Corporation ("Inland") filed a Motion to Strike Affirmative Defenses 1, 2, 3, 4, 5, and 13 of Defendant Abercrombie & Fitch Stores, Inc. ("Abercrombie"). For the reasons discussed below, we grant the motion in part. Affirmative Defenses 2 and 3 are stricken. Affirmative Defenses 1 and 13 were voluntarily withdrawn. Affirmative Defenses 4 and 5 remain.

Federal Rule of Civil Procedure 8© requires parties to set forth any affirmative defenses in their responsive pleadings and specifically lists nineteen defenses that must be pled "affirmatively." Fed. R. Civ. P. 8©. A motion to strike pursuant to Rule 12(f) is the appropriate

means of removing "impertinent or redundant matter in any pleading and is the primary procedure for objecting to an insufficient defense." *Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1245 (N.D. Ill. 1991); Fed. R. Civ. P. 12(f). Motions to strike affirmative defenses are generally disfavored because of their potential to delay proceedings. *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975) (citations omitted); *Carpenter v. Ford Motor Co.*, 761 F. Supp. 62, 65 (N.D. Ill. 1991). Such a motion should therefore not be granted unless the defense is "patently defective" on the face of the pleadings. *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. 1982). Defenses generally "will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991). Nonetheless, a motion to strike can be a useful means of removing "unnecessary clutter" from a case. *Heller Fin., Inc.*, 883 F.2d at 1294. To survive a motion to strike, an affirmative defense must: (1) be appropriately pled as an affirmative defense, *Bobbitt*, 532 F.Supp. at 737; (2) be adequately pled pursuant to the requirements of Federal Rules of Civil Procedure 8 and 9, *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 905 (N.D. Ill. 2006); and (3) be sufficiently pled under the standard followed in assessing Rule 12(b)(6) motions, *id.* at 905; *Bobbitt*, 532 F. Supp. at 737.

Inland moved to strike Abercrombie's Affirmative Defenses 1, 2, 3, 4, 5, and 13. In its response, Abercrombie voluntarily withdrew Affirmative Defenses 1 and 13, and accordingly with respect to these defenses Inland's motion is denied as moot. We address Affirmative Defenses 2, 3, 4, and 5 below.

Affirmative Defense 2 states: "Abercrombie asserts each and every term, condition, exclusion and provision of the Lease that is or may be construed as an affirmative defense." Inland argues that Defense 2 is a factually-bare catchall that provides no meaningful notice to Inland of an appropriate defense. (Mot. at 2–3.) Abercrombie counters that Defense 2 identifies its intention to rely on portions of the Lease as a defense. (Resp. at 2.) But Abercrombie does not identify any specific portions of the lease on which it might rely as a defense other than portions already the subject of other more specific affirmative defenses. (*See id.* at 3; Aff. Def. Nos. 6–12.) To the extent Affirmative Defense 2 overlaps with Abercrombie's other defenses, it is redundant and should be stricken. To the extent it does not overlap with Abercrombie's other defenses, it is insufficiently pled because it is merely a catchall that does not properly identify a plausible defense. Accordingly, we strike Affirmative Defense 2.

Affirmative Defense 3 states: "Plaintiff's complaint fails to state a claim upon which relief may be granted." This defense is not properly asserted as an affirmative defense; it should be raised through a 12(b)(6) motion to dismiss.[1] *See, e.g.*, *Illinois Wholesale Cash Register, Inc. v. PCG Trading, LLC*, No. 08 C 363, 2009 WL 1515290, at *1–2 (N.D. Ill. May 27, 2009); *Citadel Group Ltd. v. Washington Reg'l Med. Ctr.*, No. 07 C 1394, 2009 WL 1329217, at *5 n.3 (N.D. Ill. May 13, 2009); *Home Depot U.S.A., Inc. v. UBM, Inc.*, No. 06 C 3821, 2007 WL 611279, at *2 (N.D. Ill. Feb. 22, 2007). Accordingly, we strike Affirmative Defense 3.

Affirmative Defense 4 states: "Plaintiff has failed to mitigate its damages." Although this defense is notably bare of factual specificity, courts in this district have routinely allowed

---

[1] In fact, Abercrombie has filed a 12(b)(6) motion to dismiss which we will rule on concurrently with this order.

similarly pled mitigation defenses early in a lawsuit. *See, e.g.*, *Thomas v. Exxon Mobil Corp.*, No. 07 C 7131, 2009 WL 377334, at *4 (N.D. Ill. Feb. 11, 2009); *LaSalle Bank Nat'l Assoc. v. Paramont Props.*, 588 F. Supp. 2d 840, 861 (N.D. Ill 2008); *Home Depot*, 2007 WL 611279, at *2; *Rao v. Covansys Corp.*, No. 06 C 5451, 2007 WL 141892, at *2 (N.D. Ill. Jan. 17, 2007). The rationale behind permitting a threadbare mitigation defense at the outset of a case is that a defendant may not know the factual specifics of the plaintiff's mitigation efforts until after discovery, and thus a defendant should not be required to plead mitigation with factual specificity at the outset of the case. We agree with this rationale, and find that Affirmative Defense 4 has been sufficiently pled. Accordingly, Inland's motion to strike Affirmative Defense 4 is denied.

Affirmative Defense 5 states: "Abercrombie is entitled to a setoff and/or credit for any collateral source payments or other proceeds received by Plaintiff as against any damages alleged in this case." Like Defense 4, Defense 5 is factually bare, but the defense is nevertheless sufficiently pled. The rationale is the same: a defendant may not know until after discovery the factual specifics of what payments or proceeds a plaintiff received against its alleged damages, and thus the defendant should not be required to identify the factual basis of such a defense at the outset of the case. Accordingly, Inland's motion to strike Affirmative Defense 5 is denied.

It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Judge

Date: May 10, 2010