IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RETAIL FUND ALGONQUIN COMMONS, L.L.C., by its Manager, INLAND REAL ESTATE CORPORATION,  )<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ABERCROMBIE & FITCH STORES, INC., and )<br>JEFFREY R. ANDERSON REAL ESTATE, INC., )<br>)<br>Defendants.  )<br>_____)<br>ABERCROMBIE & FITCH STORES, INC., an  )<br>Ohio Corporation,  )<br>)<br>Counter-Plaintiff,  )<br>)<br>v.  )<br>)<br>IN RETAIL FUND ALGONQUIN COMMONS, )<br>L.L.C., by its Manager, INLAND REAL ESTATE )<br>ORPORATION,  )<br>)<br>Counter-Defendants.  )<br>_____)<br>ABERCROMBIE & FITCH STORES, INC.,  )<br>)<br>Third-Party Plaintiff,  )<br>)<br>v.  )<br>)<br>ALGONQUIN COMMONS, LLC,  )<br>)<br>Third-Party Defendants.  )<br>_____)<br>ALGONQUIN COMMONS, LLC,  )<br>)<br>Third-Party Plaintiff,  )<br>)<br>v.  )<br>)<br>DUKE CONSTRUCTION LIMITED  )  | No. 09-cv-5824<br><br>Judge Sharon Johnson Coleman |

| | |
|---|---|
| PARTNERSHIP, | ) |
| | ) |
|     Third-Party Defendant. | ) |
| _____ | ) |
| DUKE CONSTRUCTION LIMITED | ) |
| PARTNERSHIP, | ) |
| | ) |
|     Third-Party Plaintiff, | ) |
| | ) |
|         v. | ) |
| | ) |
| LEGAT ARCHITECTS, INC., JACOB & HEFNER | ) |
| ASSOCIATES, INC., STRUCTURES | ) |
| UNLIMITED,P.C., SHREMSHOCK | ) |
| ARCHITECTS, INC., PAUL J. FORD & | ) |
| COMPANY, INC., OLIVEWOOD | ) |
| CONSTRUCTION, INC. and MVP PLUMBING, | ) |
| INC., | ) |
| | ) |
|     Third-Party Defendants. | ) |
| _____ | ) |
| LEGAT ARCHITECTS, INC., | ) |
| | ) |
|     Third-Party Plaintiff, | ) |
| | ) |
|         v. | ) |
| | ) |
| SHREMSHOCK ARCHITECTS, INC., PAUL J. | ) |
| FORD & COMPANY, INC., and OLIVEWOOD | ) |
| CONSTRUCTION, INC., | ) |
| | ) |
|     Third-Party Defendants. | ) |

**Memorandum Opinion and Order**

Coming before the Court are six Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Paul J. Ford & Company moves to dismiss Count X of Duke Construction LP's Amended Third-Party Complaint [179] and Count II of Legat Architects, Inc.'s Third-Party Complaint [181]. Shremshock Architects, Inc. moves to dismiss Count IX of Duke Construction's Amended Third-Party Complaint [198] and Count I of Legat Architects, Inc.'s Third-Party Complaint [198]. Olivewood Construction Inc. moves to dismiss

Count XI of Duke Construction's Amended Third-Party Complaint [201] and Count III of Legat Architects, Inc.'s Third-Party Complaint [204]. Since all six motions pertain to two third-party complaints and assert the same grounds for dismissal, this Court will address all five in a single order. For the reasons stated below the motions are denied.

**Background**

In 2003, Abercrombie & Fitch Stores, Inc. ("Abercrombie") undertook the design and construction of a "bump-out" window display at its retail store at Algonquin Commons Shopping Center in Algonquin, Illinois. Inland Real Estate Corporation purchased Algonquin Commons Shopping Center from Algonquin Commons LLC in 2006. In March 2008, Abercrombie notified Inland of water intrusion at their store. In September 2008, Abercrombie allegedly engaged in self-help by gutting and abandoning the premises and stopped paying rent to Inland.

On April 7, 2011, Inland Real Estate Corporation, In Retail Fund Algonquin Commons LLC, and In Retail Fund LLC, In Retail Manager LLC (collectively "Inland"), filed a Second Amended Complaint against Abercrombie for negligent hiring and supervision, breach of contract for failure to pay rent and indemnify, and breach of contract for failure to procure insurance. (Dkt. 142.)

Abercrombie filed a counterclaim against Inland claiming breach of the lease agreement and constructive eviction, seeking reimbursement of the unamoritized portion of its investment in the leasehold improvements ($311,682.39), remediation and demolition costs it incurred ($284,666), and lost profits. At the same time, Abercrombie filed a third-party complaint against Algonquin Commons LLC (Inland's predecessor in interest on the lease agreement) alleging the same claims against Algonquin Commons, *i.e.*, breach of the lease and constructive eviction. (Dkt. 27.)

3

Thereafter, Algonquin Commons filed two third-party complaints: one, against Duke Construction LP and the Greeby Companies, and a second, against only the Greeby Companies (Dkt. 59). Algonquin Commons voluntarily dismissed its second third-party complaint against the Greeby Companies. Three more third-party complaints followed. Two are at issue here: (1) Duke Construction's third-party complaint against Shremshock Architects, Inc., Paul J. Ford & Company, Olivewood Construction Inc. and MVP Plumbing Corporation for contribution due to their defective design and construction of the "bump out"; and (2) Legat Architects, Inc.'s ("Legat") third-party complaint for contribution against Shremshock Architects, Paul J. Ford & Company, and Olivewood Construction, Inc.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) challenges the sufficiency of the complaint. When evaluating the sufficiency of a complaint, the court construes the complaint in the light most favorable to the plaintiff, accepts all well-pleaded facts as true, and draws all inferences in favor of the plaintiff. *Reynolds v. CB Sports Bar, Inc.,* 623 F.3d 1143, 1146 (7th Cir. 2010)(citing *Reger Dev. LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). "To survive a motion to dismiss, the plaintiff must do more than simply recite elements of a claim; the 'complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Reynolds*, 623 F.3d at 1146 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937,1949, 173 L. Ed. 2d 868 (2009)).

**Discussion**

The third-party defendant movants, Paul J. Ford & Company, Shremshock Architects, and Olivewood Construction, argue in their respective motions that the allegations brought against them by Duke Construction and Legat Architects for contribution should be dismissed for three

4

reasons. First, the complaints must fail because the "original" third-party complaint (Abercrombie v. Algonquin Commons), upon which these follow, is improper impleader under Rule 14(a) because Abercrombie's claim against Algonquin Commons is not derivative of Inland's suit against Abercrombie. Second, the movants argue that the contribution sought in the third-party complaints is improper invocation of the Illinois Contribution Act because the Abercrombie v. Algonquin Commons suit does not "sound in tort" and thus the movants are not joint tortfeasors. Lastly, the movants assert that the *Moorman* Economic Loss Doctrine prohibits suits sounding in tort for purely economic damages.

Rule 14(a) states that, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Therefore, the plain language of Rule 14(a) distinguishes a third-party complaint as one where the defendant is attempting to transfer to the third-party defendant the liability alleged against the defendant by the original plaintiff. *Forum Ins. Co. v. Ranger Ins. Co.*, 711 F.Supp. 909, 915 (N.D. Ill. 1989) (citing *e.g., U.S. General Inc. v. Joliet,* 598 F.2d 1050, 1053 (7th Cir. 1979); *Parr v. Great Lakes Express Co.,* 484 F.2d 767, 769 (7th Cir. 1973); *Leaseway Warehouses, Inc. v. Carlton,* 568 F.Supp. 1041, 1043 (N.D. Ill. 1983)). "The fact that the third-party claim arose out of the same transaction or set of facts is irrelevant since impleader cannot be used as a way of combining all controversies having a common relationship." *Wright & A. Miller, Federal Practice and Procedure §1442, at 208 (1971).*

Here, Abercrombie's third-party complaint against Algonquin Commons is technically improper impleader under Rule 14. From the face of the third-party complaint, Abercrombie is not seeking to transfer its liability to Algonquin Commons. In fact, Abercrombie's complaint against Algonquin Commons is identical to its counterclaims against Inland. It seems that

5

Abercrombie is attempting to use a third-party complaint to effectively bring Algonquin Commons in to the instant case as a co-defendant on Abercrombie's counterclaim against Inland. Nevertheless, since Rule 15(a) encourages granting leave to amend, even though technically improperly pleaded, this Court would allow Abercrombie to amend its third-party complaint. Accordingly, this Court declines to dismiss the Duke and Legat's third-party complaints on the basis that the initial third-party complaint is technically faulty as currently pleaded.

Next, the movants argue that the contribution claims asserted against them by Duke and Legat are not viable under the Illinois Contribution Act, 740 ILCS 100/2, because they are not joint tortfeasors and the original complaint against Algonquin Commons from which the contribution claims stem does not subject Algonquin to liability in tort.

Under Illinois Law, tortfeasors have a right of contribution "where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, *** even though judgment has not been entered against any or all of them." 740 ILCS 100/2. "The injury is that which is incurred by the plaintiff, as opposed to any injury suffered by the parties seeking contribution." *Illinois v. Brockman*, 143 Ill.2d 351, 371 (1991). The basis for contribution need not mirror the theory of recovery asserted in the original complaint. *Id.* (citing *J.I. Case Co. v. McCartin-McAuliffe Plumbing & Heating, Inc.*, 118 Ill.2d 447, 462 (1987)).

In this case, the plaintiff, Inland, claims injury from negligent hiring and supervision of contractors and subcontractors by Abercrombie to design and build the bump-out that resulted in water damage to the property and the contribution claims are for any potential liability for negligence stemming from the design and construction of the same bump-out. *See* Legat Architects' Third-party Compl. Dkt. 135, ¶¶ 17 of each Count; Duke Construction's Third-Party

Compl. Dkt. 143, ¶¶ 27, 29. Although the contribution claims frame the injury as that of the third-party plaintiff seeking contribution, the nature of third-party practice is that liability is passed down the line of successive parties. Moreover, here Legat and Duke are seeking contribution for their potential liability for the allegedly defective design and construction of the bump-out which Inland claims caused it injury. The fact that Duke and Legat articulate their claims in terms of their own injury it is clear that Duke and Legat's injury would be that they were found liable for the defective design and construction of the bump-out. This Court finds that it is the same injury as the plaintiff, Inland.

Next, this Court must address whether the defendants are "subject to liability in tort" as that phrase is used in the Contribution Act. "If the underlying claim does not create liability in tort, a third-party plaintiff may not recover on a contribution claim." *Brockman*, 143 Ill.2d at 372 (citing *Hopkins v. Powers*, 113 Ill.2d 206 (1986)). The Contribution Act focuses on the culpability of the parties instead of the legal means by which the plaintiff is ultimately compensated. *Doyle v. Rhodes*, 101 Ill.2d 1, 14 (1984). Here, the underlying claim is a negligence claim, Count I of the Second Amended Complaint, asserts negligent hiring and supervision by Abercrombie of the design and construction of the bump-out. SAC, Dkt. 142, ¶¶ 58-64. Not only does the underlying claim create tort liability, but it specifically contemplates liability in tort by third parties for negligent design and construction of the bump-out. All of the third parties in this case, except Algonquin Commons, were involved in the design and construction of the bump-out. Contribution is allowed for concurrent or successive tortfeasors as long as the same injury is involved. *Roberts v. Heilgeist*, 124 Ill. App. 3d 1082, 1087 (2d Dist. 1984). Accordingly, this Court finds that the alleged negligence creates the potential for liability in tort and that it may be a proper predicate for a contribution claim.

Lastly, the movants assert that the *Moorman* Economic Loss Doctrine precludes the contribution claims because purely economic loss is not recoverable in tort. The movants argue that there is no recovery under a tort or negligence theory for economic losses resulting from defective construction. *See Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill.2d 150, 155-57 (1983). However, this Court in prior ruling found that the negligence claims alleged by Inland against Abercrombie were not barred by the *Moorman* Doctrine at least at the pleading stage of the litigation. Judge Aspen previously considered the application of the Moorman Doctrine to the alleged negligence at issue in this case, albeit as to Abercrombie, stating that "at this stage we must reasonably infer in Plaintiff's favor that the water intrusion problem was a sudden and dangerous occurrence, similar to the thunderstorm in *Mars[v. Heritage Builders of Effingham*, 327 Ill. App. 3d 346, 357-58 (4th Dist. 2002)]." Pursuant to the law-of-the-case doctrine, a district court may only revisit a prior ruling in the same litigation if there is a compelling reason, such as a change in the law or manifest error. *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007). Even though Judge Aspen's ruling was solely as to Inland's complaint against Abercrombie, since we have already concluded that the alleged injury is the same and the water intrusion is the same, this Court declines to revisit that ruling to apply the *Moorman* Doctrine to bar the claims at this stage of the litigation.

**Conclusion**

For the reasons stated herein, the third-party defendants' motions to dismiss are denied.

IT IS SO ORDERED.

Date: 10/5/2011

Entered: _____
Sharon Johnson Coleman